**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 5 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SAID M. KARARA,

      Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA;
RICHARD RILEY, Secretary, United
States Department of Education;
COLORADO STUDENT LOAN
PROGRAM; ROBERT FOMER,
individually and as Director of
Colorado Student Loan Program;
COLORADO STUDENT
OBLIGATION BOND AUTHORITY
and WILLIAM STOLFUS,
individually and as Director of
Colorado Student Obligation Bond
Authority,

      Defendants-Appellees.

No. 98-1241
(D.C. No. 96-S-2439)
(D. Colo.)

---

**ORDER AND JUDGMENT** *

---

Before **BALDOCK** , **BARRETT** , and **HENRY** , Circuit Judges.

---

\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.   See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

In this student loan case, plaintiff Said M. Karara, acting pro se, sued defendants Colorado Student Obligation Bond Authority (CSOBA); Colorado Student Loan Program (CSLP), the directors of those two state agencies; the United States; and Richard Riley, the Secretary of the United States Department of Education, for specific performance and damages.  The district court granted defendants' motions for summary judgment or dismissal.  We exercise our jurisdiction under 28 U.S.C. § 1291 and affirm the district court's rulings.

## BACKGROUND

In 1981 and 1982, Karara obtained student loans from Colorado banks, each for the principal amount of $5,000.  CSOBA purchased the loans, and, in 1984, consolidated them into one obligation.  At the time of consolidation, CSOBA issued a disclosure statement requiring Karara to make a series of 114 payments of $120 and a final payment of $35.63, beginning in August 1984.  Karara was also provided with a series of coupons to accompany payments.  Karara sought and received a repayment deferral until January 1986.  He then

made 95 of the $120 payments, and, in November 1993 he made a $28.48 payment, based on the coupon for December 1993.  He made no further payments after that. [1]

In September 1995, CSLP notified Karara that the United States Department of Education held a claim against him for the defaulted loan and that any federal tax refunds would be held as an offset against the debt.  Although the notice advised Karara of his right to object to the offset, he did not do so.  Later, a bank denied Karara's application for a debt consolidation loan, based in part on a credit history reflecting the student loan default.

Karara filed suit against CSLP, CSOBA, and the agency directors (the state defendants), seeking an order acknowledging that his obligation was paid in full and awarding damages for harm to his credit reputation.  Upon the filing of the state defendants' motion for dismissal or summary judgment, the district court referred the matter to a magistrate judge, pursuant to 28 U.S.C. § 636(b)(1).  The magistrate judge analyzed Karara's complaint as asserting claims for specific performance; libel and slander; rights under the Higher Education Act of 1965, 20 U.S.C. §§ 1001-1146a; and possibly a claim under 42 U.S.C. § 1983.

---

[1]    Both the disclosure statement and the coupons contain errors.  Even if Karara had made all the proposed monthly payments, he would not have satisfied the total obligation reflected on the disclosure statement.

On his keystone claim for specific performance, Karara started from the premise that a loan is usually paid in equal installments, followed by a final payment in an odd amount. Therefore, he argued, the December 1993 coupon for $28.48 represented an offer to settle the remaining balance of the loan for this amount, and he accepted the offer by making his last payment. The magistrate judge rejected the contention, determining that the disclosure statement represented the agreement between Karara and the state defendants and that payment of the December 1993 coupon amount did not modify it. Because the undisputed facts showed that Karara had not fulfilled the payment schedule proposed in the disclosure statement, CSOBA was entitled to summary judgment on the specific performance claim. See Scientific Packages, Inc. v. Gwinn, 301 P.2d 719, 721 (Colo. 1956). As to the remaining state defendants, Karara had not alleged any facts demonstrating an agreement. Accordingly, the magistrate judge recommended dismissal for failure to state a claim upon which relief may be granted.

Support for Karara's other claims collapsed with the determination that he had not satisfied his obligation to CSOBA. The magistrate judge, however, gave additional reasons for his recommendation to dismiss them. To the extent that Karara sought tort damages, defendants were entitled to immunity under the Colorado Governmental Immunity Act. See Colo. Rev. Stat. § 24-10-108

-4-

(immunity of public entities from liability for tort claims); § 24-10-118(2) (immunity of public employees from liability for tort claims for acts within the scope of their employment). Moreover, there is no private right of action for student borrowers under the Higher Education Act. See Labickas v. Arkansas State Univ. , 78 F.3d 333, 334 (8th Cir. 1996). Finally, Karara's failure to specify any constitutional or statutory right violated by defendants meant that the § 1983 claim was insufficient to withstand a dismissal motion.

The district court accepted the recommendation of the magistrate judge. This ruling, however, was not a final disposition of the case. Mr. Karara had filed an amended complaint asserting the same claims against the United States and Richard Riley, Secretary of the United States Department of Education (the federal defendants). The federal defendants filed a motion to dismiss or, alternatively, for summary judgment. In recommending entry of summary judgment on the specific performance claim and dismissal of the remaining claims, the magistrate judge relied on the rationale of his earlier recommendation. Additionally, he determined that the undisputed evidence showed that the federal defendants had no involvement in the administration or collection of Karara's loan.

The district court agreed. It ruled that the relitigation of the issues raised against the federal defendants was barred by the doctrine of res judicata,

accepted the magistrate judge's recommendation, and dismissed the case.

## DISCUSSION

We review the trial court's rulings de novo.       See Kidd v. Taos Ski Valley, Inc., 88 F.3d 848, 851, 854 (10th Cir. 1996).  We uphold a dismissal under Fed. R. Civ. P. 12(b)(6) only when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff.       See Fuller v. Norton  , 86 F.3d 1016, 1020 (10th Cir. 1996).  "Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Kidd, 88 F.3d at 851.

Karara raises seven issues on appeal:  (1) whether the doctrine of res judicata applies; (2) whether he should have been permitted to conduct discovery before the district court ruled on the summary judgment motions; (3) whether he had demonstrated accord and satisfaction on a disputed claim; (4) whether there is a disputed issue of fact concerning his payment; (5) whether he is entitled to specific performance; (6) whether the state defendants are shielded by the Colorado Governmental Immunity Act; and (7) whether the § 1983 claim was properly dismissed.  After carefully reviewing the record on appeal, we determine that there is no merit to any of Karara's contentions.

We AFFIRM the judgment of the United States District Court for the District of Colorado for substantially the same reasons stated in the recommendations of the magistrate judge dated July 10, 1997, and March 2, 1998; and the orders of the district court entered August 26, 1997, and April 24, 1998. The mandate shall issue forthwith.

Entered for the Court


James E. Barrett
Senior Circuit Judge